UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
RAFAEL COLLAZO,

                Petitioner,

      - against -

WILLIAM LEE,

                Respondent.
-------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 1804 (BMC)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 02 2011 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

    Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his guilty plea to a charge of second degree burglary. Petitioner contends that he was denied effective assistance of counsel because trial counsel never properly advised him as to whether he should accept or reject a plea offer of twelve years to life. Because petitioner's claim is procedurally barred, the petition is denied.

## BACKGROUND

    Petitioner, facing a charge of second degree burglary, was offered a plea of twelve years to life. Petitioner claims that this offer was presented to him by a lawyer other than his court-appointed attorney and that neither his appointed attorney, nor the attorney who presented the offer, properly advised him as to whether it would be in his best interest to accept the offer. Petitioner rejected the offer. Subsequently, petitioner was indicted, and pursuant to the District Attorney's policy, was offered the minimum sentence allowed under the indictment. The new offer was sixteen years to life. Petitioner accepted the offer, but not without questioning why the original offer of twelve to life was no longer available:

> **Defendant:** What I don't understand is the following. When I was in court they offered me twelve to life.
> **Defendant's Counsel:** We went over this before. I told you it's not available.
> **Court:** The offer that the District Attorney has made is the minimum offer.
>
> \*\*\*
>
> **Defendant:** I just want to know if I could get the twelve to life.
> **Court:** I don't have the power to do it.

The transcript indicates that petitioner and his counsel then had an off-the-record discussion. Once back on the record, petitioner accepted the state's offer of sixteen to life and he was ultimately sentenced accordingly.

Petitioner filed notice of appeal in May, 2008. In January, 2009, petitioner's appellate counsel filed an Anders brief with the Appellate Division, Second Department, stating that there were no non-frivolous appealable issues and requesting permission to withdraw. Petitioner then filed a *pro se* supplemental brief. Petitioner argued that he was never told about the initial offer of twelve to life and that he was never properly advised by counsel about the benefit, or lack thereof, of accepting the offer. The Appellate Division granted petitioner's appellate counsel's request to withdraw and affirmed the conviction, holding that "[t]he defendant has not, nor could he have, raised any nonfrivolous issues in his supplemental *pro se* brief." People v. Collazo, 66 A.D.3d 795, 886 N.Y.S.2d 354 (2d Dep't 2009), leave to app. den., 14 N.Y.3d 839, 901 N.Y.S.2d 146 (2010) (table).

Petitioner then filed a motion with the trial court requesting vacatur of the judgment pursuant to New York C.P.L. § 440.10. Petitioner again claimed that he was not properly advised as to the twelve to life offer. The § 440 court denied petitioner's motion on the grounds that: (1) the claim was procedurally barred from collateral review because it had been brought on direct appeal; and (2) petitioner's claim was "supported only by his own self-serving affidavit, which is

2

insufficient either to rebut the plea proceedings wherein he expressed his satisfaction with the plea offer or to sustain his burden on a motion to vacate judgment." Petitioner did not seek leave to appeal the denial of the § 440.10 motion to the Appellate Division.

Petitioner then brought the instant habeas petition pursuant to 28 U.S.C. § 2254, claiming that he "was denied effective assistance of court-appointed counsel during plea proceedings" because "an offer of 12 to life was tendered by the state at a court appearance where counsel did not appear" and counsel "never talked to [him] about it."

## DISCUSSION

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). An applicant has not exhausted all state court remedies "if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Second Circuit has adopted a two-part test to determine if the requisite exhaustion has occurred: petitioner must have (1) "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts"; and (2) utilized all available mechanisms to secure appellate review of the denial of that claim. Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981).

Petitioner did not exhaust the instant claim in state court. Under New York law, claims based on matters outside the record are not properly raised on direct appeal. Pearson v. Ercole, No. 06-5315, 2007 WL 2128350, at *15 (E.D.N.Y. July 25, 2007). Instead, a defendant is required to bring such claims on a § 440 motion. See Caballero v. Keane, 42 F.3d 738 (2d Cir. 1994) (holding a claim based on facts clearly outside the trial record should be raised on a §440 motion).

Petitioner's claim is the type of ineffective of assistance of counsel claim that must be brought under C.P.L. § 440.10 instead of on direct appeal. On direct appeal, the record was barren of any evidence to indicate whether or not petitioner's trial counsel advised him regarding the plea. Additionally, there was no evidence in the record showing whether petitioner was counseled at all, much less whether any counseling that did occur met the constitutional standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Because petitioner's claim was off the record, petitioner was required to seek leave to appeal the denial of his C.P.L. § 440.10 motion in order to fairly present the claim to the appropriate state court and exhaust state court remedies. See, e.g., Pesina v. Johnson, 913 F.2d 53 (2d Cir. 1990) (per curiam); Escalera v. Taylor, No. 06-13635, 2010 WL 307868 (S.D.N.Y. Jan. 25, 2010) (claim not properly exhausted because petitioner failed to seek leave to appeal the denial of his § 440 motion to Appellate Division); Edsall v. Marshall, No. 08-0673, 2010 WL 4140715 (W.D.N.Y. Oct. 21, 2010) (claim unexhausted due to failure to seek leave to appeal the denial of C.P.L. § 440.10 motion). Petitioner's failure to seek leave to appeal the denial of his § 440 motion is not cured by the fact that he presented the same claim to the Court of Appeals on his motion for leave to appeal the decision of the Appellate Division on direct review. See Caballero v. Keane, 42 F.3d 738 (2d Cir. 1994); U.S. ex rel. LaSalle v. Smith, 632 F. Supp. 602, 605 (E.D.N.Y. 1986) ("[T]he same considerations of policy and practicality which underlie the 'exhaustion' doctrine are as much implicated when a petitioner chooses the wrong procedure to press his claims as when he fails to make any effort to obtain relief.").

In certain circumstances, a federal court may allow a habeas petitioner to return to state court to exhaust all unexhausted claims. That option is unavailable here. Under New York law, a defendant has thirty days to appeal a denial of a § 440 motion. See N.Y. Crim. Proc. Law §

460.10(4)(a). Petitioner's § 440 motion was denied on December 2, 2010. The thirty-day window to appeal has long closed. If petitioner were to return to state court and file an appeal, it would be time-barred.

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies . . . available to him." Coleman v. Thompson, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555 (1991) (internal quotation marks omitted). This rule applies when the default occurred on collateral review. Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). In such cases, the claim is considered to be exhausted, but is deemed procedurally barred from federal habeas review. McKethan v. Mantello, 292 F.3d 119 (2d Cir. 2002).[1]

A procedural default can be cured if the petitioner "can show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." Aparicio, 269 F.3d at 90. To establish "cause," a defendant must show that "some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753. Absent some objective external factor, "[t]he failure of a [*pro se*] petitioner to be aware of a particular area of the law . . . does not constitute 'cause.'" Priester v. Senkowski, No. 01-3441, 2002 WL 1448303, *5 (S.D.N.Y. July 3, 2002); see also Freeman v. Page, 208 F.3d 572, 575 (7th Cir. 2000) (*pro se* petitioner's failure to realize limitations period for appeal had been revised did not constitute cause for procedural default); Brown v. Superintendent, Elmira Corr. Facility, No. 97-3303, 1998 WL

---

[1] The Second Circuit has held that it had "no authority to declare as a matter of state law that an appeal from the denial [of a] Section 440.10 motion is" procedurally barred by the expiration of the statutory time limit to appeal. Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990). However, most district courts in this Circuit have found that this aspect of Pesina has been abrogated by the Supreme Court's decision in Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991). See e.g. Weeks v. Senkowski, 275 F. Supp. 2d 331(E.D.N.Y. 2003); Thomas v. Greiner, 111 F. Supp. 2d 271 (S.D.N.Y. 2000).

75686 (S.D.N.Y. Feb. 23, 1998) (ignorance in a change of law does not constitute cause for tolling of limitations period).

Here, petitioner stated that he did not seek leave to appeal the § 440 court because "[t]he issue raised in the 440.10 motion [was] procedurally barred." His ignorance of the need to seek leave to appeal the § 440 court does not constitute cause. Therefore, petitioner has not presented any objective external factor to show "cause" as to why he did not seek leave to appeal the § 440 court's denial of his motion to vacate judgment. Furthermore, there is no evidence to show petitioner is actually innocent of the crime of which he was convicted.

As petitioner has failed to show "cause" for his procedural default, this Court does not need to determine whether he suffered prejudice because relief is unavailable unless both cause and prejudice have been established. See Stepney v. Lopes, 760 F.2d 40 (2d Cir. 1985).

## CONCLUSION

The petition is denied. A certificate of appealability shall not issue. 28 U.S.C. § 2253(c). Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      December 1, 2011